## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

STANLEY JOHNSON,                        )
                                        )
                Plaintiff,              )
                                        )
        v.                              )        No. 1:24-CV-00078-RHH
                                        )
BILL STANGE, et al.,                    )
                                        )
                Defendants.             )

### OPINION, MEMORANDUM AND ORDER

Before the Court is the motion of Stanley Johnson, a prisoner, for leave to proceed in forma pauperis in this civil action. The Court has reviewed the motion and the financial information provided therein, and has determined to grant the motion and assess an initial partial filing fee of $18.40. The Court has also reviewed the complaint, and has determined that it is legally frivolous and/or fails to state a claim upon which relief may be granted. The Court will therefore dismiss this action under 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff did not submit a certified inmate account statement with the instant motion, as required by 28 U.S.C. § 1915(a)(2). In the complaint, he states he requested one, but his request was not honored. In the motion, Plaintiff avers he earns $8.50 per month, and has an account balance of $92.00. Therefore, the Court assesses an initial partial filing fee of $18.40, which is twenty percent of Plaintiff's stated account balance. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). Any claim that Plaintiff is unable to pay that amount must be supported by a certified copy of his inmate account statement.

## Legal Standard on Initial Review

This Court is required to review a complaint filed in forma pauperis, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands

more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

District courts must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).   This means that "if the essence of an allegation is discernible," courts should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).   However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). District courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, or interpret procedural rules in a manner that excuses the mistakes of those who proceed without counsel.  *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint[1]

Plaintiff is incarcerated in the Southeast Correctional Center ("SECC").  He filed the complaint pursuant to 42 U.S.C. § 1983 against the following Missouri Department of Corrections ("MDOC") employees: Bill Stange (the SECC Warden), Loreen Armstrong (a Function Unit Manager or "FUM"), Unknown Wright, Bolin, and Landers (Corrections Case Managers or "CCM II"), and Ron English (a Corrections Officer).  Plaintiff sues Stange and

---

[1] When quoting the complaint, the Court quotes the language verbatim without correction of spelling or grammatical errors, but uses a standard capitalization style.

Armstrong in their individual capacities. Plaintiff does not specify the capacity in which he sues Wright, Bolin, Landers, and English, so the Court presumes he sues them only in their official capacities. *See Baker v. Chisom,* 501 F.3d 920, 923 (8th Cir. 2007) (quotation omitted) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity").

Regarding Stange and Armstrong, Plaintiff alleges as follows. On December 31, 2023, Plaintiff was written up for violating a rule prohibiting threats, and taken before the administrative segregation committee. Plaintiff protests that he was not guilty of the violation, and was wrongfully punished. He complains he was not "teamed" in accordance with prison rules. (ECF No. 1 at 6). Plaintiff claims Stange and Armstrong wrongfully allowed him to be punished even though he was innocent and prison rules were not followed, and he claims Stange "needs to be addressed for letting FUM Armstrong punish me without guilt." *Id.* Plaintiff also states he told Stange he was being denied an IRR (Informal Resolution Request) to file a complaint.

On February 6, 2024, Plaintiff was taken to the administrative segregation committee "without justification of guilt." *Id.* at 7. Plaintiff "teamed and told released," and Armstrong "hollered out no Warden Stange said 90 days on" the conduct violation. *Id.* Plaintiff protests he was not found guilty and is entitled to be teamed, but is being denied due process.

Plaintiff does not allege he is the subject of retaliation. He alleges that Stange and Armstrong are responsible for other offenders receiving the same mistreatment. He alleges that Stange "lets his staff abuse offenders and [I] am tired of it. No hearing on CDVs to prove guilt or [illegible] guilty, just throwing people in the Ad-seg without a[] hearing to prove guilty or not guilty." *Id.* at 8. Plaintiff also writes: "Armstrong says Bill Stange says put offenders in ad seg

4

guilty or not," and he alleges Armstrong "[j]ust illegally give[] me and other[] offenders ad-seg without guilt." *Id.* at 6. Plaintiff repeatedly refers to Armstrong using defamatory language, and accuses her of telling her staff to stop making rounds, and to not give offenders IRR forms and law library forms.

Plaintiff alleges that Wright did not give him a certified copy of his inmate account statement, an IRR form, or a qualified legal claim form for the law library.  When Plaintiff asked Wright for the IRR form, Wright told him he had to request one from a different Corrections Case Manager.  Plaintiff claims Wright is interfering with his liberty and his "right to library." *Id.*  Plaintiff uses defamatory language against Wright, and states his "incompetency needs to be addressed." *Id.*

Plaintiff claims Bolin would not give him IRR forms, and he states he is "bothered why I got to go to" a different area to obtain the forms.  *Id.* at 10.  He states that Wright, Bolin, and Landers told him Armstrong is to blame.  Plaintiff alleges that Landers told him to write to Bolin to request an IRR, and he claims Landers has ignored his request for a certified inmate account statement.  Plaintiff states he is rendered unable to follow federal court rules, but does not allege he was rendered unable to defend himself, or advance a viable legal claim, in a court case.

Plaintiff states he sues English for "defamation of character" because English repeatedly called him a racially offensive name.  *Id.* at 12.  Plaintiff tried to report English, but was ignored. Plaintiff alleges English wrote him a "frivolous" conduct violation.  *Id.*

Attached to the complaint are copies of handwritten notes asking that a grievance be processed, and requesting an IRR.  (ECF No. 1-1 at 1, 3).  Also attached is a handwritten note to a Corrections Case Manager named Howard in which Plaintiff complains he was not teamed on a conduct violation within the required time.  *Id.* at 5.  That note includes different handwriting

that states: "I have sent emails to the proper people to get these taken care of." *Id.*  Plaintiff does

not specify the relief he seeks from this Court.

### Discussion

The Court first addresses Plaintiff's individual-capacity claims against Armstrong and

Stange.  Plaintiff can be understood to claim his Fourteenth Amendment due process rights were

violated when he was sent to administrative segregation without a hearing or other process

required by prison rules, and he states he was wrongfully sent to administrative segregation

without a proper finding of guilt.  Plaintiff does not allege facts permitting the inference that his

placement in administrative segregation was retaliatory.

To prevail on a Fourteenth Amendment due process claim, a plaintiff must first

demonstrate that government action deprived him of life, liberty, or property.  *Phillips v. Norris*,

320 F.3d 844, 846 (8th Cir. 2003).  Life or property is not at issue in this case, so to state a viable

due process claim, Plaintiff must identify a liberty interest.  *See Phillips*, 320 F.3d at 847.

Prisoners have a protected liberty interest in avoiding conditions of confinement that

impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of

prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  To prevail on a due process claim

based on placement in administrative segregation, "an inmate must show that the segregation

created an 'atypical and significant hardship on [him] in relation to the ordinary incidents of

prison life' to demonstrate that his liberty interest was curtailed."  *Rahman X v. Morgan*, 300

F.3d 970, 973 (8th Cir. 2002) (quoting *Sandin,* 515 U.S. at 484).

In this case, Plaintiff does not describe the conditions in administrative segregation, much

less allege facts permitting the inference that the segregation imposed an atypical and significant

hardship.  Assignment to administrative or disciplinary segregation is not, in and of itself, an

6

atypical and significant hardship. *See Portley-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002) (stating that Eighth Circuit has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*"); *Wycoff v. Nichols*, 94 F.3d 1187, 1190 (8th Cir. 1996) (stating that plaintiff "has no liberty interest in avoiding administrative segregation unless the conditions of his confinement present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest"). That is so even if the prisoner was sent to administrative segregation without cause. *Phillips*, 320 F.3d at 847.

Additionally, while Plaintiff states he was sent to administrative segregation for 30 to 60 days, he does not establish he was required to spend an unduly long period of time in segregation. Without more, Plaintiff's statements that he was sent to administrative segregation for 30, 60, or even 90 days does not establish that the segregation imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life. *See Kennedy v. Blankenship*, 100 F.3d 640, 641-42 (8th Cir. 1996) (stating that 30 days in punitive isolation was not atypical and significant); *Orr v. Larkins*, 610 F.3d 1032, 1033-34 (8th Cir. 2010) (stating that nine months in administrative segregation did not constitute an atypical and significant hardship).

In sum, Plaintiff has not shown that his placements in administrative segregation imposed "an atypical and significant hardship on him in relation to the ordinary incidents of prison life to demonstrate that his liberty interest was curtailed," and his Fourteenth Amendment due process claims against Stange and Armstrong therefore fail. *Rahman X*, 300 F.3d at 973.

To the extent Plaintiff claims entitlement to relief based on violations of the procedures prescribed by the prison's own rules, he fails to state a claim of constitutional dimension. It is well established that there is no federal constitutional liberty interest in having state officers

follow state law or having prison officials follow prison regulations. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (citing *Kennedy*, 100 F.3d at 643); *see also Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (failure to follow prison policy is not basis for § 1983 liability).

Plaintiff also claims that Stange should be held liable for allowing Armstrong to wrongfully punish him, and he claims Armstrong is responsible for her staff's refusal to make rounds and their failure to honor his requests for IRR forms and law library forms. Plaintiff rests these claims on Stange and Armstrong's supervisory and/or administrative positions. These claims sound in respondeat superior, and are not cognizable under § 1983. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). For the foregoing reasons, the Court finds that the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted against Stange and Armstrong in their individual capacities.

The Court turns to Plaintiff's claims against Wright, Bolin, Landers, and English. As explained above, the Court must interpret the complaint as asserting only official capacity claims against these defendants. A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (citing *Kentucky v. Graham,* 473 U.S. 159, 165 (1985)). According to the complaint, Wright, Bolin, Landers, and English are employed by the Missouri Department of Corrections ("MDOC"), a state agency. *See Walker v. Mo. Dep't of Corr.*, 213 F.3d 1035, 1036 (8th Cir. 2000) (recognizing the MDOC as state agency).

To the extent Plaintiff can be understood to seek damages against Wright, Bolin, Landers, and English in their official capacities, his claims are barred by the Eleventh Amendment, which prohibits suits for damages against the state, agencies of the state, or state officials acting in their official capacities. *See Nix v. Norman*, 879 F.2d 429, 432-33 (8th Cir. 1984). Additionally,

8

"[s]tate officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

To the extent Plaintiff can be understood to seek prospective injunctive relief, his claims also fail. Plaintiff does not allege facts that would demonstrate a continuing or impending state action that violates the Constitution, nor does he show that "the entity itself [was the] 'moving force' behind the deprivation." *Graham,* 473 U.S. at 166 (citing *Polk County v. Dodson,* 454 U.S. 312, 326 (1981)). Therefore, Plaintiff's official-capacity claims against Wright, Bolin, Landers, and English are subject to dismissal.

Even if Plaintiff had sued Wright, Bolin, Landers, and English in their individual capacities, his claims would fail. Plaintiff alleges that Wright, Bolin, and Landers refused to give him a copy of his inmate account statement, refused to give him IRR forms and told him he needed to obtain them elsewhere, and/or refused to give him a necessary form to use the law library. Plaintiff does not allege he was the subject of retaliation. Also, it appears the defendants told Plaintiff he needed to obtain IRR forms from a particular person or place, not that any defendant prevented Plaintiff from using the grievance procedure. Plaintiff's allegations that any defendant failed to follow prison rules concerning the prison's grievance procedure, or failed to follow other prison rules, do not state a claim of constitutional dimension. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (if a state elects to provide a grievance mechanism, violations of it will not give rise to a § 1983 claim); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir.2003) ("[T]here is no federal constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations.").

Plaintiff states that the defendants' actions left him unable to follow court rules. However, Plaintiff alleges no facts permitting the inference that he was deprived of a specific opportunity to defend himself, or advance a viable legal claim, in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate constitutional rights.  As a result, the complaint would not state a plausible First Amendment claim against Wright, Bolin, Landers, or any other defendant.  *See Lewis v. Casey*, 518 U.S 343, 354 (1996) and *Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996).

Plaintiff alleges that English repeatedly called him a racially offensive name.  Generally, allegations of verbal harassment do not state a § 1983 claim. *Turner v. Mull*, 784 F.3d 485, 492 (8th Cir. 2015). This is because the Constitution does not guard against all intrusions on one's peace of mind.  *King v. Olmstead County*, 117 F.3d 1065, 1067 (8th Cir. 1997). Typically, fear or emotional injury resulting solely from idle threats or verbal harassment is insufficient to constitute the violation of an identified liberty interest.  *Id.*  Even the use of racially offensive language does not, without more, state a claim. *See Black Spotted Horse v. Else*, 767 F.2d 516, 517 (8th Cir. 1985) (determining that correctional officer's discriminatory statements against Native Americans was not, standing alone, sufficient to state a claim).  Finally, the claim that English or any other defendant issued a frivolous conduct violation is not actionable under § 1983.  *See Glick v. Sargent*, 696 F.2d 413, 414 (8th Cir. 1983)

For the foregoing reasons, the Court finds the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted.  The Court will therefore dismiss this action at this time pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, Plaintiff must pay an initial filing fee of $18.40. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 3rd day of July, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE